# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **HELENE HICKS** § | | **PLAINTIFF** |
| § | | |
| **VERSUS** § | | **CAUSE NO. 1:08cv212-LG-RHW** |
| § | | |
| **231 CONCEPTS, LLC, d/b/a PAPA** § | | |
| **JOHN'S PIZZA, JOHN DOES 1-10; and** § | | |
| **UNIDENTIFIED ENTITIES 1-10** § | | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART SUMMARY JUDGMENT

BEFORE THE COURT is Defendant 231 Concepts, LLC, d/b/a Papa John's Pizza's Motion for Summary Judgment [56]. Plaintiff Helene Hicks brought this employment discrimination action against Concepts alleging sexual harassment, retaliation, intentional infliction of emotional distress, negligent retention, and tortious interference with contract. Concepts argues--(1) there were no adverse employment actions (2) caused by her rejection of her manager's sexual advances; (3) the harassment was neither severe nor pervasive; (3) if there were a hostile environment, the *Ellreth/Farragher* defense applies; (4) she did not engage in a protected activity; (5) the Mississippi Workers' Compensation Act bars her emotional distress and negligence claims; (6) there was no employment contract; and (7) if there were, Concepts was a party to that contract. The Court has considered the parties' submissions and the relevant legal authority. The motion is granted as to the negligent retention and tortious interference with contract claims. The remainder is denied.

## FACTS AND PROCEDURAL HISTORY

Hicks was employed as a driver for Papa John's Pizza in Biloxi, Mississippi. This store

is part of a franchise owned by Concepts. From June 2006, through the remainder of her employment, her General Manager was Carlos Jiminez. Usually, they were the only ones in the store. Prior to Jiminez's arrival, Hicks had never been disciplined.

She testified that shortly after he began working there, he would continuously and with increased aggression, ask her for sexual favors, to which she did not acquiesce. She also testified that he made her run his personal and professional errands off the clock, which would cause her to be late for work and result in lost pay. She was suspended and given negative employment reviews. According to Hicks, he began to give her hours and deliveries to other employees. He also asked her to scrub the walls, and when she refused claiming it was against her doctors' orders, Jiminez suspended her.

Finally, after an argument in December 2006, over whether Jiminez was giving more of Hicks's shift away, he sent her home. He then had shift supervisor Michael Angle call to ask her if she was coming in the next day. She told him no, she was not scheduled to, and she had a doctor's excuse to stay out until after her surgery in January. Jiminez had been listening in secretly on the speaker phone and told her that was all he needed to assume that she quit. She told him she did not quit, but he yelled at her and told her that she did. Shift supervisor Crystal Dain testified that, after he received the doctor's note the next day, Jiminez said that he would pretend he never got the note and would fire Hicks anyway. Concepts "made the decision to call it job abandonment." (Tindall 30(b)(6) Dep. at 62).

## DISCUSSION

STANDARD FOR MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56:

A motion for summary judgment shall be granted "if the pleadings, depositions, answers

2

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. To make this determination, the Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

SEXUAL HARASSMENT

To prove Hicks's sexual harassment claim, she must establish that (1) she belongs to a protected class, (2) was subject to unwelcome harassment (3) based upon sex, and (4) that the harassment affected a term, condition, or privilege of her employment. *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). To prove the harassment affected a term, condition, or privilege of employment, she must prove it either resulted in a tangible employment action (*quid pro quo*) or was severe or pervasive (hostile environment). *Burlington Indus., Inc. v. Ellreth*, 524 U.S. 742, 753-54 (1998). Concepts argues that the harassment neither caused a tangible employment action, was severe, nor was pervasive.

A "tangible employment action" is defined as "a significant change in employment status,

3

such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* at 761. It is the "means by which the supervisor brings the official power of the enterprise to bear on subordinates." *Id.* at 762. "A tangible employment action in most cases inflicts direct economic harm." *Id.* Economic harm is not required, however. *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 654 (5th Cir. 2002). The tangible employment actions Hicks complains of are reduced hours, negative employee consultations, suspensions, personal errands, taking away deliveries, refusal to clock her in on time, and termination.

As for the first claim of reduced hours, Concepts does not argue that this is not a tangible employment action. Rather, Concepts maintains that this action was not caused by the harassment, but by Hicks's tardiness and customer complaints. She responds that the reduced hours occurred because Jiminez gave her shifts away to other employees after she would not accede to his sexual requests.

Hicks testified that she originally worked seven days a week. In August through November of 2006, Jiminez frequently asked her for various sexual favors, mostly oral sex. At first she ignored him and pretended like she did not hear him. Then she started telling him no. She testified that in November:

> That last time –that . . . I told him I would not have an affair with him, Kenny came into the store and told him that he needed some more hours and he told him he could have my Monday, Wednesday, and Friday, that I didn't need them. And he looked right at me when he did it.
> . . .
>
> Couple days later, Tasha came in and said she wanted some driving hours because she wasn't making enough money on her shift, and he told her, You can have Helene's Tuesday. And he gave her my Tuesday.

4

(Hicks Dep. at 43-44). Hicks testified that when she would complain about her shifts being taken, he sent her home for the rest of the day without pay. Dain testified that she heard Hicks "complaining about her hours being cut on schedule, and Carlos Jiminez told her that if she wanted more hours, she could get on her knees and give him a blow job to get them." (Dain Dep. at 18-19). Dain testified that he cut Hicks's hours more than any other employee in the store. Viewed in the light most favorable to Hicks, this evidence creates a jury question as to whether her reduction in hours was caused by her rejection of his sexual advances.

The remaining sexual harassment issues raised by the motion are moot. *Casiano v. AT&T Corp.*, 213 F.3d 278, 283-84 (5th Cir. 2000). On summary judgment, it is enough that there is evidence that a tangible employment action resulted from the harassment. This satisfies the element of whether the harassment affected a term, condition, or privilege of employment. Further, if a supervisor's harassment results in a tangible employment action, then the employer is vicariously liable and no affirmative defense is available. *Id.* at 283. Concepts is not entitled to summary judgment on the sexual harassment claim.

## Retaliation

To establish a prima facie case of retaliation under Title VII, Hicks must show (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse employment action. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1092 (5th Cir. 1995). Concepts challenges the first element because "she never complained to anyone in management about the sexual harassment." (Def.'s Mem. Summ. J. at 19).

There is evidence that Hicks complained to someone in management about the sexual harassment. There is testimony that she complained to her shift supervisor Dain several times. It is undisputed that she is a part of management. Therefore, Concepts has not shown it is entitled to summary judgment on the retaliation claim.

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Hicks charges Concepts with intentional infliction of emotional distress. Concepts argues that this claim is barred by the exclusivity provision of the Mississippi Worker's Compensation Act. She responds that it is not barred because it was an intentional tort which resulted in tangible employment actions and Jiminez was acting in the course and scope of his employment when he rendered these actions against her.

Whether the MWCA bars this claim is an affirmative defense, which Concepts has the burden to prove. *Franklin Corp. v. Tedford*, 18 So. 3d 215, 245 (¶72) (Miss. 2009). "[T]he plaintiff has no duty to raise or argue the issue." *Id.* Therefore, in order to obtain summary judgment, Concepts "must establish 'beyond all peradventure all of the essential elements of the . . . defense.'" *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

The Mississippi Supreme Court recently held that the MWCA did not bar an intentional infliction of emotional distress claim against an employer. *Franklin Corporation*, 18 So. 3d at 233 (¶34). This is because the MWCA is the exclusive remedy only for "accidental" workplace injuries. *Id.* at 221 (¶6). Where (1) the employer, or (2) a fellow employee acting in the course and scope of his employment (3) actually intends to injure the plaintiff, then that injury is not accidental. *Id.* (quoting *Royal Oil Co. v. Wells*, 500 So. 2d 439, 442 (Miss. 1986) and *Miller v. McRae's, Inc.*, 444 So. 2d 368, 371 (Miss. 1984)). *See also*, *Peaster v. David New Drilling Co.*,

642 So. 2d 344, 346 (Miss. 1994). The court held that evidence that Franklin Corporation's management was intentionally physically injuring plaintiff employees, despite their numerous protests for their health, was sufficient to show that the employer had acted with an actual intent to injure those plaintiffs. *Franklin Corporation*, 18 So. 3d at 233 (¶34). Therefore the jury verdict for intentional infliction of emotional distress was upheld. *Id.*

Concepts first argues that intentional infliction of emotional distress claims are *per se* barred by the MWCA. As *Franklin Corporation* makes clear, this is not the case. On rebuttal, Concepts complains that Hicks points to no evidence that Jiminez was acting in the course and scope of his employment or that Concepts ratified his actions. However, the burden is on Concepts to prove the MWCA exclusivity bar applies, not Hicks. Concepts has not shown it is entitled to summary judgment.

NEGLIGENT RETENTION AND TORTIOUS INTERFERENCE WITH CONTRACT

Hicks concedes these claims. Therefore, Concepts is entitled to judgment as a matter of law on the negligent retention and tortious interference with contract claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendant 231 Concepts, LLC, d/b/a Papa John's Pizza's [56] Motion for Summary Judgment should be and is hereby **GRANTED** on the negligent retention and tortious interference with contract claims. The remainder is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 21th day of January, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE