# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **HELENE HICKS** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:08CV212-LG-RHW** |
| | § | |
| **231 CONCEPTS, LLC, d/b/a PAPA** | § | |
| **JOHN'S PIZZA** | § | **DEFENDANTS** |

## FINAL JUDGMENT

This action came on for trial on Monday, April 5, 2010, before the Court and a jury with Honorable Louis Guirola, Jr., United States District Judge, presiding. The issues have been duly tried, and the jury has heard all of the evidence and argument of counsel and received instructions of the Court, including a Verdict Form. The jury retired to consider their verdict and returned upon their oaths, into open Court, the following verdict, to-wit:

## PART I

**Question Number One**

Did the Plaintiff suffer a tangible employment action because she rejected sexual advances, requests, or demands by Carlos Jiminez?

    Answer "Yes" or "No.":    No    .

## PART II

**Question Number One**

Was Plaintiff sexually harassed?

    Answer "Yes" or "No.":    Yes    .

**Question Number Two**

    Did Defendant know, or in the exercise of reasonable care should Defendant have known,

that Plaintiff was being harassed?

>Answer "Yes" or "No." :     Yes    .

**Question Number Three**

Did Defendant fail to take prompt remedial action?

>Answer "Yes" or "No." :    Yes    .

## PART III

**Question Number One**

Was Plaintiff sexually harassed?

>Answer "Yes" or "No.":    Yes    .

**Question Number Two**

Did Defendant exercise reasonable care to prevent and promptly correct any sexually harassing behavior?

>Answer "Yes" or "No." :    Yes    .

**Question Number Three**

Did Plaintiff unreasonably fail to take advantage of any preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise?

>Answer "Yes" or "No." :    Yes    .

## PART IV

**Question Number One**

What sum of money would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Defendant caused Plaintiff?

>Answer in dollars and cents, for damages, if any, or answer "none."
>
>Compensatory damages $    0    .

**Question Number Two**

What sum of money, if any, do you find should be awarded as punitive damages?

Answer in dollars and cents, for punitive damages, if any, or answer "none."

Punitive Damages $ __24,000__ .

The Court has considered the equitable remedies of reinstatement and front pay. Reinstatement or front pay are intended to make the plaintiff whole. *Floca v. Homcare Health Services, Inc.*, 845 F.2d 108, 112 (5th Cir. 1988). Front pay "is intended 'to compensate the plaintiff for lost future wages and benefits.'" *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 526 (5th Cir. 2001) (quoting *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 44 (5th Cir. 1992)). In as much as the jury determined that Plaintiff did not suffer termination or any other adverse employment action because of sexual harassment and since the jury also determined that the Plaintiff was not entitled to economic or compensatory damages, the Court finds that Plaintiff Helene Hicks is not entitled to equitable relief in the form of reinstatement or front pay. *McDonald v. ISK Biosciences,* No. H-95-4730, 1999 U.S. Dist. LEXIS 23469 at *7 (S.D. Tex. June 21, 1999).

**IT IS THEREFORE ORDERED AND ADJUDGED**, that Plaintiff Helene Hicks shall recover from the Defendant 231 Concepts, d/b/a Papa John's Pizza, Twenty-Four Thousand Dollars ($24,000) in punitive damages, 0.43 percent post judgment interest from the date of judgment, attorney fees, and costs.

**SO ORDERED AND ADJUDGED** this the 9th day of April, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE