UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HELENE HICKS** | § | **PLAINTIFF** |
| | § | |
| V. | § | CAUSE NO. 1:08cv212-LG-RHW |
| | § | |
| **231 CONCEPTS, LLC, d/b/a PAPA** | § | |
| **JOHN'S PIZZA; JOHN DOES 1-10;** | § | |
| **and UNIDENTIFIED ENTITIES 1-10** | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER
### DENYING JUDGMENT AS A MATTER OF LAW

BEFORE THE COURT is Defendant 231 Concepts, LLC, d/b/a Papa John's Pizza's Motion for Judgment as a Matter of Law [102]. After a jury trial, the jury found that 231 Concepts was directly liable for the sexual harassment of Plaintiff Helene Hicks. The jury awarded her $24,000 in punitive damages. 231 Concepts argues (1) the jury was confused, (2) the verdict is inconsistent because it finds 231 Concepts is directly liable but not vicariously liable, (3) there is no evidence that Director of Operations/Area Supervisor Jon Auslander Price had notice, and (4) no evidence to support punitive damages. The Court has considered the parties' submissions, the record, and the relevant legal authority. The motion is denied.

### FACTS AND PROCEDURAL HISTORY

This sexual harassment case was tried before a jury. Hicks worked as a pizza delivery person for 231 Concept's Papa John's store in Biloxi, Mississippi. She claimed that she was being sexually harassed by her supervisor–General Manager Carlos Jiminez. The jury found that she was. She claimed that she was terminated and

suffered reduced hours because she rejected his sexual advances. The jury found that she did not suffer a tangible employment action as a result of rejecting his advances.

Hicks claimed 231 Concepts was both directly and vicariously liable for the hostile working environment. She presented evidence that 231 Concepts's either actually knew, or reasonably should have known that Jiminez was sexually harassing her and despite this, it did not take prompt remedial action. For example, she testified that Assistant Managers Crystal Dain, Tracey Hale, and Natasha St. Arnauld witnessed Jiminez sexually harass Hicks and that she reported it to all three. Dain and St. Arnauld admitted that Hicks complained to them about it and that they, too, were subject to his sexually harassing behavior. Dain testified that she personally witnessed Hicks, every female employee, and female customers being sexually harassed by Jiminez. Dain and St. Arnauld separately confronted him, but he told them to mind their own business and threatened their jobs. Dain testified that she then reported the conduct to Price. It was undisputed that he did nothing with this other than inform Jiminez that Dain had made the complaint, which led to her immediate three-day suspension. Jiminez told her that the next time she went to Price with a complaint, she would be fired. No further action was taken. Price never conducted an investigation, never spoke with her, nor with Hicks about it. About three months after she was terminated, she informed the operating partner Steven Tindall about the sexual harassment. He testified that he interviewed six male and one female employee, asking them what kind of job experience they were having, if they ever felt intimidated or threatened, or heard any profanity. He never claimed to ask them

2

about sexual harassment or about Hicks or Jiminez, yet Tindall concluded that her accusations were unfounded. He did not document any investigation. It was not until the Equal Employment Opportunity Commission informed him that their own investigation found corroborating evidence, that he fired Jiminez. The jury found that 231 Concepts knew or reasonably should have known about the harassment and failed to take prompt remedial action.

Finally, Hicks also claimed that 231 Concepts was vicariously liable for the hostile working environment because it did not have a reasonable sexual harassment policy that was made available to the employees. There was competing evidence on this point. The jury found 231 Concepts did have a reasonable sexual harassment grievance policy. 231 Concepts presented evidence that Hicks did not reasonably take advantage of those grievance procedures because she did not personally report the sexual harassment to Price and did not report it to Tindall until after she was fired. The jury agreed. Therefore, the jury found that 231 Concepts was not also vicariously liable for this failure.

## DISCUSSION

SUFFICIENCY OF THE EVIDENCE

In deciding whether to grant judgment as a matter of law, the Court must consider the evidence and all reasonable inferences in the light most favorable to the verdict and determine whether there is substantial evidence to support the verdict. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir. 1997) (overruled on other grounds by *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 354 (2006)); *Nat'l Car*

*Rental Sys., Inc. v. Better Monkey Grip Co.*, 511 F.2d 724, 730 (5th Cir. 1975). Judgment as a matter of law is proper only if reasonable people could not arrive at a contrary verdict. *Mattern*, 104 F.3d at 705.

### I. KNOWLEDGE OR NOTICE

231 Concepts first argues there is no evidence that Price knew or should have known about the sexual harassment. As set forth previously, 231 Concept's contention is inaccurate. For example, Dain's testimony provided evidence of Price's knowledge. Further, he admitted that if he received such a report he was supposed to report it to Tindall. Instead of doing so, Dain testified that Price let Jiminez know that she was reporting him for sexual harassment. Besides this testimony, there is also evidence that Hicks was being sexually harassed daily for more than three months, and that every female in the store was being daily harassed by Jiminez. Price testified that he was personally in the store at least twice a week and "more often than not more than that." Therefore, there was evidence from which a reasonable jury could conclude that he actually knew or reasonably should have known about the sexual harassment.

### II. PUNITIVE DAMAGES

231 Concepts next argues that there was no evidence to support punitive damages because, among other things, there is no evidence that 231 Concepts "simply chose to ignore the allegations." (Def.'s Mem. JML at 11). For the reasons set forth previously, this is incorrect.

### JURY INSTRUCTIONS

231 Concepts next argues that the jury was confused about being instructed both

on direct liability and vicarious liability theories. There is no evidence to support this contention. The only evidence 231 Concepts points to is a jury note that questioned whether a special interrogatory on direct liability was less detailed than the jury instruction on direct liability. The jury expressed no concern that direct liability and vicarious liability were the same.

Furthermore, 231 Concepts made no objections to these instructions nor the verdict form. Also, when the jury note was presented to the Court, 231 Concepts agreed that there was no discrepancy between the jury instructions and the special interrogatory at issue. 231 Concepts agreed with the Court's response to the jury, "The Court reviewed the question and can discern no conflict between the instructions on the law and the verdict form. Please continue your deliberations."

INCONSISTENT VERDICT

231 Concepts next argues that the verdict finding direct liability should be reversed because it is inconsistent with the part of the verdict that found no vicarious liability. 231 Concepts offers no authority for this proposition and does not take issue with the fact that the jury was properly instructed.

The jury was properly instructed, and there is nothing mutually exclusive about the concepts of direct liability and vicarious liability. "The concept of negligence . . . imposes a 'minimum standard' for employer liability–direct liability–under title VII, a standard that is *supplemented* by the agency-based standards for vicarious liability as articulated in *Faragher* and *Burlington*." *Sharp v. City of Houston*, 164 F.3d 923, 929 (5th Cir.1999) (quoting *Burlington Indus. v. Ellreth*, 524 U.S. 742, 759 (1998)

(internal citations omitted) (emphasis added).  The fact that 231 Concepts had a reasonable sexual harassment policy and grievance procedure does not save 231 Concepts when it actually knows or reasonably should know about ongoing sexual harassment and fails to stop it.  *Id.*

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendant 231 Concepts, LLC, d/b/a Papa John's Pizza's Motion for Judgment as a Matter of Law [102] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 19th day of November, 2010.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE